FILED
CLERK, U.S. DISTRICT COURT

July 13, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re RESONANT INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No. 2:15-cv-01970 SJO (MRW)<br><br>**CV 15-02054 SJO (VBKx)**<br>**CV 15-02369 SJO (VBKx**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS**<br><br>Date:   July 17, 2017<br>Time:   10:00 a.m.<br>Courtroom: 10C - 10th floor<br>Judge: Hon. S. JAMES OTERO |

i

WHEREAS, a consolidated securities class action is pending before the Court entitled *In re Resonant Inc., Securities Litigation*, Case No. 2:15-cv-01970 SJO (MRW) (the "Litigation");

WHEREAS, Lead Plaintiffs have filed an unopposed motion pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Amended Stipulation of Settlement dated as of June 14, 2017 (the "Amended Stipulation") which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Amended Stipulation and the Exhibits annexed thereto; and

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The terms used in this Order have the same meanings assigned to them in the Amended Stipulation.

2. The Court does hereby preliminarily approve the Amended Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purposes of the Amended Stipulation and the proposed Settlement, the Court conditionally certifies the following Settlement Class:

**All Persons who purchased or otherwise acquired Resonant, Inc. common stock on the public market between November 6, 2014 and February 26, 2015, inclusive.**

Excluded from the Settlement Class are Terry Lingren, John Philpott, Resonant, and MBD Capital Group, LLC, members of the Individual Defendants' immediate families, officers, directors, and subsidiaries of Resonant, any firm, entity, or corporation wholly owned by any Defendant

and/or any member(s) of an Individual Defendant's immediate family, any trust of which an Individual Defendant or Resonant is the settlor or which is for the benefit of an Individual Defendant or Resonant and/or any member of their immediate families, and the legal representatives, heirs, or successors-in-interest of Resonant and the Individual Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Class Action Settlement to be sent to members of the Settlement Class.

4. For purposes of settlement only, this Court finds and concludes that the Settlement Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the members of the Settlement Class.  For purposes of settlement only, the Court finds and concludes that (a) the Persons who are part of the Settlement Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of those of the Settlement Class; (d) in negotiating and entering into the Stipulation, Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Persons who are part of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, Lead Plaintiffs William E. Haskins and Brent Kaneshiro are appointed as Class Representatives and Levi & Korsinsky LLP and Kirby McInerney, LLP are appointed Class Counsel, and Westerman Law Corp. and Glancy Prongay & Murray LLP are appointed as Co-Liaison Counsel.

6. If the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms therein, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

7. A Final Approval Hearing shall be held before this Court on November 20, 2017, at 10:00 a.m., at the United States District Court, Central District of California, 350 W. 1st Street, Los Angeles, California 90012 - Courtroom 10C, to determine: (i) whether the Court should grant final certification to the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (ii) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (iii) whether a Judgment should be entered herein; (iv) whether the proposed Plan of Allocation is fair, reasonable and adequate and should be approved; (v) the amount of fees and expenses that should be awarded to Lead Counsel; and (vi) to rule upon such other matters as the Court may deem appropriate.  The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

8. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement, the Proof of Claim and Release Form, and Summary Notice of Proposed Settlement of Class Action, annexed hereto as Exhibits A-1,

A-2 and A-3, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7); due process; and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9. The Court appoints the firm of JND Class Action Administration LLC as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Settling Defendants will use reasonable efforts to cause Resonant's transfer agent to provide to the Claims Administrator, without any charge to the Settlement Fund, Lead Counsel or the Claims Administrator, with Resonant's registered stockholder list as of (or around) November 6, 2014, December 31, 2014 and February 26, 2015 in electronic form, within fourteen (14) business days after the Court enters this Preliminary Approval Order, and, commencing not later than fourteen (14) calendar days following receipt of the transfer records reports from Settling Defendants (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all members of the Settlement Class who can be identified with reasonable effort; and not later than fourteen (14) calendar days from the Notice Date, the Claims Administrator and Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and on www.resonantsecuritieslitigation.com; and

(b)     At least seven (7) days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     Nominees who held the common stock of Resonant purchased between November 6, 2014 and February 26, 2015, inclusive, shall send the Notice and the Proof of Claim to the beneficial owners of such Resonant common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a member of the Settlement Class.  Nothing in this Order creates any duties, liabilities, obligations, responsibilities, rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.  Lead Counsel shall, if requested and provided with proper supporting documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.     All members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

12.     Any potential member of the Settlement Class may request to be excluded from the Settlement Class.  Such request for exclusion must be

postmarked no later than twenty-one (21) days prior to the Final Approval Hearing referenced in ¶ 7, above, and delivered to the Claims Administrator as set forth in the Notice. Such requests shall clearly indicate the name, address and telephone number of the person seeking exclusion and a statement that the sender requests to be excluded from the Settlement Class in *In re Resonant Inc., Securities Litigation*, Master File No. 2:15-cv-01970 SJO (MRW), and must be signed by such person. Persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, other acquisitions and sales of Resonant common stock during the Settlement Class Period. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph, the Notice and Stipulation, shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Any Person who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Settled Claims against the Released Parties.

13. Members of the Settlement Class who wish to participate in the proposed Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked and filed or submitted no later than 120 calendar days after the entry of this Preliminary Approval Order. Each Proof of Claim form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other

cases, the Proof of Claim form shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any member of the Settlement Class who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise determined by Lead Counsel or ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14.  Any member of the Settlement Class may enter an appearance at the Final Approval Hearing, individually or through counsel of their own choice, at their own expense.  If any Settlement Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is received fourteen (14) calendar days prior to the Final Approval Hearing.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.  Pending final determination of whether the proposed Settlement should be approved, Lead Counsel, the Lead Plaintiffs, and any member of the Settlement Class, either directly, representatively, or in any other capacity, are barred from commencing or prosecuting against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

16.  Any member of the Settlement Class may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation

should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no member of the Settlement Class or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, no later than twenty-one (21) days prior to the Final Approval Hearing referenced in ¶ 7, above, by Nicholas I. Porritt, Esq., Levi & Korsinsky LLP, 1101 30th Street, N.W., Suite 115, Washington, DC 20007, and James N. Kramer, Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California 94105, and filed with the Clerk of the United States District Court for the Central District of California, United States District Court, Central District of California, 350 W. 1st Street, Los Angeles, California 90012 no later than twenty-one (21) days prior to the Final Approval Hearing referenced in ¶ 7, above.  Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and reimbursement of expenses to counsel for the Lead Plaintiff, unless otherwise ordered by the Court.  By objecting to the proposed Settlement as set forth in the Stipulation, the Judgment, the Plan of Allocation, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be

heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Settled Claims provided for in the Settlement and Judgment).

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the Settlement, the Plan of Allocation, any application by counsel for the Lead Plaintiffs for attorneys' fees and reimbursement of expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Final Approval Hearing.

19. The Settling Parties may respond to any objection to the Stipulation, the Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses, provided that such response is filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

20. At or after the Final Approval Hearing, the Court shall determine, *inter alia*, whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund.

22. Neither the Defendants and their Related Persons nor Defendants' counsel shall have any responsibility for, or liability with respect to, the Plan of

Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

24. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class. If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  Each party shall be restored

to his, her, or its respective position as it existed immediately prior to the execution of the Stipulation.

         IT IS SO ORDERED.

DATED: July 13, 2017

                                   THE HONORABLE S. JAMES OTERO
                                   UNITED STATES DISTRICT JUDGE