# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re RESONANT INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Case No. 2:15-cv-01970 SJO (MRW)<br><br>Consolidated with:<br>2:15-cv-02054 SJO (VBK)<br>2:15-cv-02369 SJO (VBK)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

JS-6

1   This matter came before the Court for hearing pursuant to the Order Granting
2   Preliminary Approval of Settlement and Directing Dissemination of Notice to Class
3   of this Court ("Order"), dated July 13, 2017 on the motion of the Lead Plaintiffs for
4   final approval of the Settlement set forth in the Amended Stipulation of Settlement
5   dated June 14, 2017 (the "Stipulation").  Due and adequate notice having been given
6   to the Settlement Class as required in said Order, and the Court having considered all
7   papers filed and proceedings had herein and otherwise being fully informed in the
8   premises and good cause appearing therefore, IT IS HEREBY ORDERED,
9   ADJUDGED AND DECREED that:

10      1.   The terms used in this Judgment have the same meanings assigned to
11  them in the Stipulation.

12      2.   This Court has jurisdiction over the subject matter of the Litigation and
13  over all parties to the Litigation, including all members of the Settlement Class.

14      3.   Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
15  approves the Settlement set forth in the Stipulation and finds that said Settlement is,
16  in all respects, fair, just, reasonable and adequate to the Settlement Class.  The Court
17  also hereby reaffirms its findings and conclusion, set forth in the Preliminary
18  Approval Order, that, for purposes of the Stipulation and the Settlement, this
19  Settlement Class meets the prerequisites for bringing a class action set forth in
20  Federal Rule of Civil Procedure Rule 23(a) and the requirements for maintenance of
21  a class action under Rule 23(b)(3).  The Court hereby makes final its previously
22  conditional certification of the Settlement Class.

23      4.   Accordingly, the Court authorizes and directs implementation and
24  performance of all the terms and provisions of the Stipulation, as well as the terms
25  and provisions hereof.  Except as to any individual claim of those Persons (identified

in Exhibit 1 attached hereto, if any) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice by the Lead Plaintiffs and the other members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and Settlement contained therein, and the Plan of Allocation are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement contained therein and the Plan of Allocation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. The Settling Parties expect the Settlement Fund to be fully consumed, but if that does not happen, no portion of the Settlement Fund will revert to Defendants. If any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims, including after the upward adjustments of eligible claims) and Lead Counsel determines that further redistribution of funds is not cost-effective, the amount remaining in the Settlement Fund shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s) to be recommended by Lead Counsel and approved by the Court.

7. Upon the Effective Date hereof, the Lead Plaintiffs and each member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Defendants and their respective Related Persons, whether or not such member of the Settlement Class executes and delivers the Proof of Claim and Release. The Settling Parties acknowledge and the members of the Settlement Class shall be deemed by operation

of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Lead Plaintiffs, all members of the Settlement Class and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

9. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all members of the Settlement Class and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation, or (ii) the Released Claims, other than the obligations provided in the Stipulation.

10. The Notice of Proposed Class Action Settlement given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the requirements of due process under the Constitution of the United States; and any other applicable law.

11. Neither the Plan of Allocation submitted by Lead Counsel nor the portion of this Judgment regarding the attorneys' fees and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb, affect, or delay the entry of this Judgment or the Releases provided hereunder and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times prosecuted and defended

the Litigation in good faith and at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants except as provided for in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Class Members.

17. Lead Counsel are hereby awarded 33% of the Settlement Fund for their attorneys' fees, which sum the Court finds to be fair and reasonable. Lead Counsel are hereby awarded $51,133.20 in reimbursement of litigation expenses, which expenses the Court finds to have been reasonably incurred. The Court has also considered the request for incentive awards for the Lead Plaintiffs in recognition of their contributions and hereby awards $5,000 to each Lead Plaintiff. The foregoing amounts shall be paid to Lead Counsel and the Lead Plaintiffs from the Settlement Fund pursuant to the terms of the Stipulation. Lead Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Counsel deems appropriate

based on their relative contribution to the prosecution and resolution of the Action. Neither the Plan of Allocation submitted by Lead Counsel nor the portion of this Final Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Final Judgment or the Releases provided hereunder and shall be considered separate from this Final Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Stipulation.

19. The Court hereby dismisses the Litigation and all Released Claims of the Settlement Class with prejudice, without costs as to any Settling Party. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 20, 2017

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE